CONFORMED COPY

KENYON & KENYON LLP
Frank L. Bernstein (Cal. Bar No. 189504)
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
General: (408) 975-7500
Facsimile: (408) 975-7501
fbernstein@kenyon.com

ABELSON | HERRON LLP
Michael Bruce Abelson (State Bar No. 130739)
Heather L. Mayer (State Bar No. 210544)
333 South Grand Avenue, Suite 1550
Los Angeles, California 90071-1559
Telephone: (213) 402-1900
Facsimile: (213) 402-1901
mabelson@abelsonherron.com
hmayer@abelsonherron.com

Attorneys for Plaintiff
j2 GLOBAL COMMUNICATIONS, INC.,

FILED
2009 JUN -4 PM 3:22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

j2 Global Communications, Inc.,

Plaintiff,

v.

OneSuite Corporation,

Defendant.

CV09-04014 JFW PJWx

Civil Action No. ____________

COMPLAINT FOR PATENT INFRINGEMENT

DEMAND FOR JURY TRIAL

Plaintiff j2 Global Communications, Inc., ("j2"), for its complaint against Defendant OneSuite Corp. ("OneSuite"), alleges upon knowledge as to itself and its conduct and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283-85. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b). OneSuite is doing business in this District and acts of infringement have occurred in this District.

## PARTIES

3. Plaintiff j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. Plaintiff j2 provides messaging and communications services to millions of customers around the world.

4. Upon information and belief, Defendant OneSuite is a corporation organized under the laws of the State of Delaware with its principal place of business at 615 South Grand Avenue, Los Angeles, California 90017. Upon information and belief, OneSuite is an application service provider offering messaging services to customers and businesses around the world, including the United States, the State of California and, more particularly, the Central District of California.

## FACTS

5. United States Patent No. 6,208,638, entitled "Method and Apparatus for Transmission and Retrieval of Facsimile and Audio Messages Over

a Circuit or Packet Switched Network" (hereafter "the '638 Patent"), was duly and legally issued by the PTO on March 27, 2001, to Jack Rieley and Jaye Muller. The '638 Patent underwent reexamination, and a reexamination certificate issued December 9, 2008. A true and correct copy of the '638 Patent and the reexamination certificate are attached hereto as Exhibit A.

6. The '638 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the '638 Patent, including the right to sue for past, present, and future infringements thereof.

7. United States Patent No 6,350,066, entitled "Systems and Methods for Storing, Delivering, and Managing Messages" (hereafter "the '066 Patent"), was duly and legally issued by the PTO on February 26, 2002, to Charles R. Bobo, II. The '066 Patent underwent reexamination, and a reexamination certificate issued May 5, 2009. A true and correct copy of the '066 Patent and the reexamination certificate are attached hereto as Exhibit B.

8. The '066 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the '066 Patent, including the right to sue for past, present, and future infringements thereof.

9. United States Patent No. 6,597,688, entitled "Scalable Architecture for Transmission of Messages Over a Network" (hereafter "the '688 Patent"), was duly and legally issued by the PTO on July 22, 2003 to Anand Narasimhan, Yaacov Shemesh, and Amit Kumar. The '688 Patent underwent reexamination, and a reexamination certificate issued March 11, 2008. A true and correct copy of the '688 Patent and the reexamination certificate are attached hereto as Exhibit C.

10. The '688 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the

'638 Patent, including the right to sue for past, present, and future infringements thereof.

11. United States Patent No. 7,020,132, entitled "Scalable Architecture for Transmission of Messages Over a Network" (hereafter "the '132 Patent"), was duly and legally issued by the PTO on March 28, 2006, to Anand Narasimhan, Yaacov Shemesh, and Amit Kumar. A true and correct copy of the '132 Patent is attached hereto as Exhibit D.

12. The '132 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof.

13. OneSuite has offered to sell and provide, has sold and provided, and continues to offer to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '638 Patent.

14. OneSuite has offered to sell and provide, has sold and provided, and continues to offer to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '066 Patent.

15. OneSuite has offered to sell and provide, has sold and provided, and continues to offer to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '688 Patent.

16. OneSuite has offered to sell and provide, has sold and provided, and continues to offer to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '132 Patent.

17. OneSuite claims to offer subscribers services and products that allow subscribers to "communicate with anyone, anywhere," including OneSuite's SuiteAdvantage by which subscribers can receive voicemail messages via e-mail, and OneSuite Fax by which subscribers can send facsimiles and receive facsimiles via e-mail.

18. According to OneSuite's website, SuiteAdvantage is a "VoIP service" that provides voicemail services such that upon sign-up, subscribers are assigned a phone number with "the freedom of selecting [their] own area codes" or may "transfer [their] current phone number to [OneSuite] services." Subscribers are able to "log onto [their] account" to access their voicemail messages and "voicemails are sent through email announcements as attachments so [the subscriber] may access [their] email to listen to [their] voicemails." Subscribers may then access their voicemail messages anywhere the subscriber can access the Internet or their email.

19. According to OneSuite's website, OneSuite Fax is a virtual fax service" that provides "fax-to-email service for unlimited inbound fax" such that, upon sign-up subscribers are "assigned a Fax number but with the area code of [their] own choosing" that allows the subscriber to "receive [a] fax anytime, anywhere." When subscribers are sent a fax, OneSuite Fax "forwards it as an attachment to the e-mail address of [the subscriber's] choice." OneSuite also offers its OneSuite Fax customers the "freedom and convenience of sending fax from [their] desktop computer or PC." Subscriber's can then "send fax from anywhere in the world, as long as [they] have Internet access." OneSuite Fax subscribers may then send and retrieve their faxes from anywhere the subscriber can access the Internet or their email.

20. According to OneSuite's website, OneSuite subscribers may choose local phone or fax numbers for at least 20 different states including California. Additionally, the subscriber can designate up to five e-mail addresses to which he/she wants received facsimiles and voicemail messages forwarded. In response to this designation, OneSuite transmits received facsimiles to the subscriber's e-mail in the form of PDF attachments and received voicemail messages to the subscriber's e-mail in the form of WAV attachments.

## CAUSES OF ACTION

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,208,638

21. j2 repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. By reason of the foregoing, OneSuite has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '638 Patent in violation of 35 U.S.C. § 271, et seq.

23. Specifically, at least the systems and methods employed by OneSuite in providing the SuiteAdvantage functionality infringe one or more claims of the '638 Patent, including but not limited to Claim 13.

24. OneSuite's activities have been without express, or implied, license by j2.

25. OneSuite will continue to infringe the '638 Patent unless enjoined by this Court. As a result of the infringing conduct of OneSuite, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

26. As a result of OneSuite's infringement of the '638 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 6,350,066**

27. j2 repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

28. By reason of the foregoing, OneSuite has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '066 Patent in violation of 35 U.S.C. § 271, et seq.

29. At least the systems and methods employed by OneSuite in providing the SuiteAdvantage functionality infringe one or more claims of the '066 Patent, including but not limited to Claim 43.

30. OneSuite's activities have been without express, or implied, license by j2.

31. OneSuite will continue to infringe the '066 Patent unless enjoined by this Court. As a result of the infringing conduct of OneSuite, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

32. As a result of OneSuite's infringement of the '066 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 6,597,688**

33. j2 repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

34. By reason of the foregoing, OneSuite has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '688 Patent in violation of 35 U.S.C. § 271, et seq.

35. Specifically, at least the systems and methods employed by OneSuite in providing the OneSuite Fax functionality infringe one or more claims of the '688 Patent, including but not limited to Claim 19.

36. OneSuite's activities have been without express, or implied, license by j2.

37. OneSuite will continue to infringe the '688 Patent unless enjoined by this Court. As a result of the infringing conduct of OneSuite, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

38. As a result of OneSuite's infringement of the '688 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,020,132

39. j2 repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

40. By reason of the foregoing, OneSuite has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '132 Patent in violation of 35 U.S.C. § 271, et seq.

41. Specifically, at least the systems and methods employed by OneSuite in providing the OneSuite Fax functionality infringe one or more claims of the '132 Patent, including but not limited to Claim 14.

42. OneSuite's activities have been without express, or implied, license by j2.

43. OneSuite will continue to infringe the '132 Patent unless enjoined by this Court. As a result of the infringing conduct of OneSuite, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

44. As a result of OneSuite's infringement of the '132 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, j2 demands judgment on the complaint as follows:

A. That OneSuite has infringed the '638 Patent, the '066 Patent, the '688 Patent and the '132 Patent under 35 U.S.C. §§ 271 *et seq.*;

B. That injunctions, preliminary and permanent, be issued by this Court restraining OneSuite, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with OneSuite, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '638 Patent, the '066 Patent, the '688 Patent and the '132 Patent;

C. That OneSuite be required to provide j2 an accounting of all gains, profits and advantages derived by OneSuite's infringement of the '638 Patent, the '066 Patent, the '688 Patent and the '132 Patent and that j2 be awarded

damages adequate to compensate j2 for the wrongful infringing acts by OneSuite, in accordance with 35 U.S.C. § 284;

D. That j2 be awarded its interest and costs of suit incurred in this action; and

E. That j2 be awarded such other and further relief as this Court may deem just and proper.

Dated: June 4, 2009

Respectfully submitted,

KENYON & KENYON LLP
Frank L. Bernstein

ABELSON | HERRON LLP
Michael Bruce Abelson
Heather L. Mayer

By: [signature]
Heather L. Mayer
Attorney for Plaintiff
j2 Global Communications, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and the Local Rules of this Court, j2 Global Communications, Inc. hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Dated: June 4, 2009

Respectfully submitted,

KENYON & KENYON LLP
Frank L. Bernstein

ABELSON | HERRON LLP
Michael Bruce Abelson
Heather L. Mayer

By: [signature]
Heather L. Mayer
Attorney for Plaintiff
j2 Global Communications, Inc.