John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant OneSuite Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ONESUITE CORPORATION, <br><br> Defendant. | Civil Action No. <br><br> CV09-04014 DDP (AJWx) <br><br> **ONESUITE CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** <br><br> Honorable Dean D. Pregerson |
| ONESUITE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> j2 GLOBAL COMMUNICATIONS, INC., <br><br> Counterclaim Defendant. | |

# ANSWER

Defendant OneSuite Corporation ("OneSuite") hereby answers the Complaint of Plaintiff j2 Global Communications, Inc. ("j2").

## JURISDICTION AND VENUE

1. In response to paragraph 1 of j2's Complaint, OneSuite admits that j2's Complaint purports to assert claims under 35 U.S.C. §§ 271, 281 and 283-84, but denies that j2 is entitled to any relief under such claims. OneSuite denies that j2's Complaint sets forth any claim under 35 U.S.C. § 285 and denies that j2 is entitled to any relief under any such claim. To the extent that j2 has standing to assert the claims set forth in its Complaint, OneSuite admits that the Court has jurisdiction. Except as specifically admitted, OneSuite denies j2's allegations in paragraph 1.

2. In response to paragraph 2 of j2's Complaint, OneSuite admits that venue is proper in this District, but denies that it has committed any acts of infringement. Except as specifically admitted, OneSuite denies j2's allegations in paragraph 2.

## PARTIES

3. In response to paragraph 3 of j2's Complaint, OneSuite admits, upon information and belief, that j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028. OneSuite lacks sufficient knowledge or information to form a belief as to the remaining allegations of j2 in paragraph 3.

4. In response to paragraph 4 of j2's Complaint, OneSuite admits it is a Delaware corporation having its principal place of business at 615 S. Grand Avenue, Los Angeles, CA 90017. Except as specifically admitted, OneSuite denies j2's allegations in paragraph 4.

///

## FACTS

5. In response to paragraph 5 of j2's Complaint, OneSuite admits that Exhibit A purports to be a copy of U.S. Patent No. 6,208,638 ("the '638 patent"), is entitled "Method and Apparatus for Transmission and Retrieval of Facsimile and Audio Messages Over a Circuit or Packet Switched Network," bears an issue date of March 27, 2001, bears inventors' names of Jack Rieley and Jaye Muller and includes what purports to be a reexamination certificate for the '638 patent issued December 9, 2008. OneSuite lacks sufficient knowledge or information to form a belief as to the remaining allegations of j2 in paragraph 5.

6. OneSuite lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 6 of j2's Complaint.

7. In response to paragraph 7 of j2's Complaint, OneSuite admits that Exhibit B purports to be a copy of U.S. Patent No. 6,350,066 ("the '066 patent"), is entitled "Systems and Methods for Storing, Delivering, and Managing Messages," bears an issue date of February 26, 2002, bears an inventor's name of Charles R. Bobo, II and includes what purports to be a reexamination certificate for the '066 patent issued May 5, 2009. OneSuite lacks sufficient knowledge or information to form a belief as to the remaining allegations of j2 in paragraph 7.

8. OneSuite lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 8 of j2's Complaint.

9. In response to paragraph 9 of j2's Complaint, OneSuite admits that Exhibit C purports to be a copy of U.S. Patent No. 6,597,688 ("the '688 patent"), is entitled "Scalable Architecture for Transmission of Messages Over a Network," bears an issue date of July 22, 2003, bears inventors' names of Anand Narasimhan, Yaacov Shemesh and Amit Kumar, and includes what purports to be a reexamination certificate for the '688 patent issued March 11,

2008. OneSuite lacks sufficient knowledge or information to form a belief as to the remaining allegations of j2 in paragraph 9.

10. OneSuite lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 10 of j2's Complaint.

11. In response to paragraph 11 of j2's Complaint, OneSuite admits that Exhibit D purports to be a copy of U.S. Patent No. 7,020,132 ("the '132 patent"), is entitled "Scalable Architecture for Transmission of Messages Over a Network," bears an issue date of March 28, 2006 and bears inventors' names of Anand Narasimhan, Yaacov Shemesh and Amit Kumar. OneSuite lacks sufficient knowledge or information to form a belief as to the remaining allegations of j2 in paragraph 11.

12. OneSuite lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 12 of j2's Complaint.

13. OneSuite denies the allegations in paragraph 13 of j2's Complaint.

14. OneSuite denies the allegations in paragraph 14 of j2's Complaint.

15. OneSuite denies the allegations in paragraph 15 of j2's Complaint.

16. OneSuite denies the allegations in paragraph 16 of j2's Complaint.

17. In response to paragraph 17 of j2's Complaint, OneSuite admits that its website states that "we are all about making it easy for you to communicate with anyone, anywhere." OneSuite admits that its website states that, under one option of OneSuite's SuiteAdvantage, "an email alert will be sent each time a new voicemail is received with the actual message attached." OneSuite admits that its website states that, with OneSuite Fax, a subscriber can receive e-mails with faxes attached to them. Except as specifically admitted, OneSuite denies j2's allegations in paragraph 17.

18. In response to paragraph 18 of j2's Complaint, OneSuite admits that its website characterizes SuiteAdvantage as a VoIP service. OneSuite admits that, with respect to SuiteAdvantage, its website states: "We give you

the freedom of selecting your own area codes. However, if the area code you need is not available, you may fill out an area code request form and we'll try our best to process your request." OneSuite admits that, with respect to SuiteAdvantage, its website states: "In most cases you are able to transfer your current phone number to our services." OneSuite admits that, with respect to SuiteAdvantage, its website states: "There are four ways to get your voicemail. You may log onto your account and go to VoiceMail under SuiteAdvantage features page. . . . Also, voicemails are sent through email announcements as attachments so you may access your email to listen to your voicemails." Except as specifically admitted, OneSuite denies j2's allegations in paragraph 18.

19. In response to paragraph 19 of j2's Complaint, OneSuite admits that its website characterizes OneSuite Fax as a "virtual fax service." OneSuite admits that its website states that "OneSuite Fax Basic is a fax-to-email service for unlimited inbound fax." OneSuite admits that its website states that "[w]hen you sign up for OneSuite Fax, you'll be assigned a Fax number, but with the area code of your own choosing!" OneSuite admits that its website states that "OneSuite Fax Plus is our fax-over-IP service, which enables you to send and receive fax anytime, anywhere." OneSuite admits that, with respect to OneSuite Fax, its website states that "[w]hen someone sends you a fax to your OneSuite Fax account, OneSuite converts it to a '.pdf' file, then forwards it as an attachment to the e-mail address of your choice." OneSuite admits that its website states that "OSFX is an Internet fax software that offers the freedom and convenience of sending fax from your desktop computer or PC." OneSuite admits that, with respect to OneSuite Fax Plus, its website states that "you can send fax anywhere in the world, as long as you have Internet access." Except as specifically admitted, OneSuite denies j2's allegations in paragraph 19.

20. In response to paragraph 20 of j2's Complaint, OneSuite admits that its website features lists of available area codes for some of its services and

that some of these lists feature area codes for at least twenty states, including California.  OneSuite admits that, with respect to OneSuite Fax, its website indicates that subscribers can enter up to five e-mail addresses at which they wish to receive faxes.  OneSuite admits that, with respect to OneSuite Fax, its website states that "[w]hen someone sends you a fax to your OneSuite Fax account, OneSuite converts it to a '.pdf' file, then forwards it as an attachment to the e-mail address of your choice."  OneSuite admits that, with respect to SuiteAdvantage, its website indicates that, to listen to voicemail, a subscriber should have an operating system capable of playing ".wav" files.  Except as specifically admitted, OneSuite denies j2's allegations in paragraph 20.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 6,208,638

21. In response to paragraph 21 of j2's Complaint, OneSuite incorporates by reference its responses to the allegations in paragraphs 1 through 20 of j2's Complaint, inclusive, with the same force and effect as if fully set forth here.

22. OneSuite denies the allegations in paragraph 22 of j2's Complaint.

23. OneSuite denies the allegations in paragraph 23 of j2's Complaint.

24. OneSuite denies the allegations in paragraph 24 of j2's Complaint.

25. OneSuite denies the allegations in paragraph 25 of j2's Complaint.

26. OneSuite denies the allegations in paragraph 26 of j2's Complaint.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,350,066

27. In response to paragraph 27 of j2's Complaint, OneSuite incorporates by reference its responses to the allegations in paragraphs 1 through 20 of j2's Complaint, inclusive, with the same force and effect as if fully set forth here.

28. OneSuite denies the allegations in paragraph 28 of j2's Complaint.

29. OneSuite denies the allegations in paragraph 29 of j2's Complaint.

30. OneSuite denies the allegations in paragraph 30 of j2's Complaint.

31. OneSuite denies the allegations in paragraph 31 of j2's Complaint.

32. OneSuite denies the allegations in paragraph 32 of j2's Complaint.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,597,688

33. In response to paragraph 33 of j2's Complaint, OneSuite incorporates by reference its responses to the allegations in paragraphs 1 through 20 of j2's Complaint, inclusive, with the same force and effect as if fully set forth here.

34. OneSuite denies the allegations in paragraph 34 of j2's Complaint.

35. OneSuite denies the allegations in paragraph 35 of j2's Complaint.

36. OneSuite denies the allegations in paragraph 36 of j2's Complaint.

37. OneSuite denies the allegations in paragraph 37 of j2's Complaint.

38. OneSuite denies the allegations in paragraph 38 of j2's Complaint.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,020,132

39. In response to paragraph 39 of j2's Complaint, OneSuite incorporates by reference its responses to the allegations in paragraphs 1 through 20 of j2's Complaint, inclusive, with the same force and effect as if fully set forth here.

40. OneSuite denies the allegations in paragraph 40 of j2's Complaint.

41. OneSuite denies the allegations in paragraph 41 of j2's Complaint.

42. OneSuite denies the allegations in paragraph 42 of j2's Complaint.

43. OneSuite denies the allegations in paragraph 43 of j2's Complaint.

44. OneSuite denies the allegations in paragraph 44 of j2's Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and

reserving the right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, OneSuite asserts the following separate and additional defenses.

### FIRST AFFIRMATIVE DEFENSE:  NONINFRINGEMENT

45.   OneSuite has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of the '638, '066, '688 or '132 patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE:  INVALIDITY

46.   One or more claims of the '638, '066, '688 and '132 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

### THIRD AFFIRMATIVE DEFENSE:  LACHES

47.   j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE:  ESTOPPEL

48.   j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, by estoppel.

### FIFTH AFFIRMATIVE DEFENSE:  WAIVER

49.   j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, by waiver.

### SIXTH AFFIRMATIVE DEFENSE:  LIMITATION ON DAMAGES

50.   j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, under 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE:  FAILURE TO MARK

51.   j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, under 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE:  ASSERTION OF PATENTS WITH INVALID CLAIMS

52.   j2's claims as set forth in Counts I through IV of j2's Complaint are

barred, in whole or in part, under 35 U.S.C. § 288.

### NINTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

53. j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, by unclean hands.

### TENTH AFFIRMATIVE DEFENSE: PATENT MISUSE

54. j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, because j2 has committed patent misuse with respect to at least the '638, '066, '688 and '132 patents.

### ELEVENTH AFFIRMATIVE DEFENSE: OWNERSHIP

55. j2's claims as set forth in Counts I through IV of j2's Complaint are barred, in whole or in part, because j2 does not own one or more of the '638, '066, '688 and '132 patents.

### COUNTERCLAIMS

Defendant OneSuite Corporation ("OneSuite") alleges the following counterclaims against Plaintiff j2 Global Communications, Inc. ("j2").

### JURISDICTION AND VENUE

1. OneSuite asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, seeking declaratory judgments under the patent laws of the United States, Title 35 of the United States Code, that the patents asserted by j2 are not infringed and are invalid. As j2 has asserted the patents against OneSuite in the Complaint, these counterclaims are based on an actual controversy. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq*.

2. j2 is subject to the personal jurisdiction of this Court.

3. Venue is proper in this District under 28 U.S.C. § 1391.

///

## PARTIES

4. OneSuite is a Delaware corporation having its principal place of business at 615 S. Grand Avenue, Los Angeles, CA 90017.

5. j2 has averred that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '638 PATENT

6. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-5 of these Counterclaims.

7. j2 alleges in its Complaint that it is the owner of U.S. Patent No. 6,208,638 ("the '638 patent").

8. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '638 patent and OneSuite has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged infringement of the '638 patent.

9. OneSuite has not engaged in any conduct constituting infringement of the '638 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

10. OneSuite requests declaratory judgment that it does not infringe one or more claims of the '638 patent.

## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF INVALIDITY OF THE '638 PATENT

11. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-10 of these Counterclaims.

12. j2 has asserted in its Complaint a claim of patent infringement

against OneSuite based on the '638 patent and OneSuite has asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged invalidity of the '638 patent.

13. One or more claims of the '638 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

14. OneSuite requests declaratory judgment that one or more claims of the '638 patent are invalid.

### THIRD CLAIM FOR RELIEF:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '066 PATENT

15. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-14 of these Counterclaims.

16. j2 alleges in its Complaint that it is the owner of U.S. Patent No. 6,350,066 ("the '066 patent").

17. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '066 patent and OneSuite has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged infringement of the '066 patent.

18. OneSuite has not engaged in any conduct constituting infringement of the '066 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

19. OneSuite requests declaratory judgment that it does not infringe one or more claims of the '066 patent.

### FOURTH CLAIM FOR RELIEF:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '066 PATENT

20. OneSuite incorporates and realleges here the allegations set forth in

paragraphs 1-19 of these Counterclaims.

21. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '066 patent and OneSuite has asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged invalidity of the '066 patent.

22. One or more claims of the '066 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

23. OneSuite requests declaratory judgment that one or more claims of the '066 patent are invalid.

## FIFTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '688 PATENT

24. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-23 of these Counterclaims.

25. j2 alleges in its Complaint that it is the owner of U.S. Patent No. 6,597,688 ("the '688 patent").

26. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '688 patent and OneSuite has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged infringement of the '688 patent.

27. OneSuite has not engaged in any conduct constituting infringement of the '688 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

28. OneSuite requests declaratory judgment that it does not infringe one or more claims of the '688 patent.

///

## SIXTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF INVALIDITY OF THE '688 PATENT

29. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-28 of these Counterclaims.

30. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '688 patent and OneSuite has asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged invalidity of the '688 patent.

31. One or more claims of the '688 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

32. OneSuite requests declaratory judgment that one or more claims of the '688 patent are invalid.

## SEVENTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '132 PATENT

33. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-32 of these Counterclaims.

34. j2 alleges in its Complaint that it is the owner of U.S. Patent No. 7,020,132 ("the '132 patent").

35. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '132 patent and OneSuite has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged infringement of the '132 patent.

36. OneSuite has not engaged in any conduct constituting infringement of the '132 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

37. OneSuite requests declaratory judgment that it does not infringe one or more claims of the '132 patent.

### EIGHTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF INVALIDITY OF THE '132 PATENT

38. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-37 of these Counterclaims.

39. j2 has asserted in its Complaint a claim of patent infringement against OneSuite based on the '132 patent and OneSuite has asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between OneSuite and j2 with respect to the alleged invalidity of the '132 patent.

40. One or more claims of the '132 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

41. OneSuite requests declaratory judgment that one or more claims of the '132 patent are invalid.

### NINTH CLAIM FOR RELIEF: AWARD OF ATTORNEYS' FEES AND COSTS

42. OneSuite incorporates and realleges here the allegations set forth in paragraphs 1-41 of these Counterclaims.

43. This case is exceptional under 35 U.S.C. § 285. Therefore, j2 should be ordered to pay OneSuite's reasonable attorneys' fees and costs under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant OneSuite Corporation requests the following relief:

A. A declaration that OneSuite does not infringe and has not infringed directly, by inducement, or contributorily, the '638, '066, '688 or '132 patents, either literally or under the doctrine of equivalents;

-13-

B. A declaration that the '638, '066, '688 and '132 patents are invalid;

C. An order adjudging that this action is an exceptional case within the provision of 35 U.S.C. § 285 and that OneSuite is entitled to a recovery of its reasonable attorneys' fees incurred in this action;

D. An award to OneSuite of its reasonable attorneys' fees incurred in this action;

E. An order dismissing with prejudice all claims against OneSuite and denying all relief requested by j2; and

F. Such other and further relief in OneSuite's favor as the Court deems equitable and just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 4, 2009          By: /s/
                                   John B. Sganga, Jr.
                                   Douglas G. Muehlhauser
                                   Mark Lezama

                                   Attorneys for Defendant
                                   ONESUITE CORPORATION

# PROOF OF SERVICE

I am a citizen of the United States of America, and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On August 4, 2009, I served the within ONESUITE CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIMS on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows and by transmitting electronically to the addresses set forth below:

***VIA ELECTRONIC AND U.S. MAIL:***

Frank L. Bernstein
fbernstein@kenyon.com
KENYON & KENYON LLP
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
Phone: (408) 975-7500
Facsimile: (408) 975-7501

Michael Bruce Abelson
mabelson@abelsonherron.com
ABELSON HERRON LLP
333 South Grand Ave., Suite 1550
Los Angeles, CA 90071-1559
Phone: (213) 402-1900
Facsimile: (213) 402-1901

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2009 at Irvine, California.

*/s/ Claire A. Stoneman*
Claire A. Stoneman

7501853