Kenyon & Kenyon LLP
Frank L. Bernstein (Cal. Bar. No. 189504)
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
Telephone: 408.975.7500
Facsimile: 408.975.7501
fbernstein@kenyon.com

ABELSON | HERRON LLP
Michael Bruce Abelson (State Bar No. 130739)
Heather L. Mayer (State Bar No. 210544)
333 South Grand Avenue, Suite 1550
Los Angeles, California 90071-1559
Telephone: 213.402.1900
Facsimile: 213.402.1901
mabelson@abelsonherron.com
hmayer@abelsonherron.com

Attorneys for Plaintiff
j2 Global Communications, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 Global Communications, Inc., <br><br> Plaintiff, <br><br> v. <br><br> OneSuite Corporation, <br><br> Defendant. <br><br> OneSuite Corporation, <br><br> Counterclaimant, <br><br> v. <br><br> j2 Global Communications, Inc., <br><br> Counterclaim Defendant. | Case No. CV09-4014 DDP (AJWx) <br><br> **PLAINTIFF/COUNTERCLAIM DEFENDANT J2 GLOBAL COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/ COUNTERCLAIMANT ONESUITE CORPORATION'S COUNTERCLAIMS** <br><br> Honorable Dean D. Pregerson |

Plaintiff/Counterclaim-Defendant j2 Global Communications, Inc. ("j2") respectfully submits the following Answer and Affirmative Defenses to Defendant/Counterclaimant OneSuite Corporation's ("OneSuite") Counterclaims:[1]

## JURISDICTION AND VENUE

1. j2 admits that OneSuite's Counterclaims purport to assert claims arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory judgments under Title 35 of the United States Code that the patents asserted by j2 are not infringed and are invalid. j2 further admits that the alleged Counterclaims as currently pled are based on an actual controversy. j2 further admits that this Court has subject matter jurisdiction over OneSuite's alleged Counterclaims as currently pled.

2. j2 admits the allegations in paragraph 2.

3. j2 admits the allegations in paragraph 3.

## PARTIES

4. j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 4 and therefore denies same.

5. j2 admits the allegations in paragraph 5.

## FIRST CLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '638 PATENT

6. j2 hereby incorporates by reference paragraphs 1 through 5, in answer to paragraph 6.

7. j2 admits the allegations in paragraph 7.

8. j2 admits the allegations in paragraph 8.

9. j2 denies the allegations in paragraph 9.

10. j2 admits that OneSuite purports to seek a declaratory judgment that it does not infringe one or more claims of the '638 patent. j2 denies that OneSuite is

---

[1] All paragraph references in this Answer correspond to the paragraphs beginning on page 8 of OneSuite's Answer and Counterclaims.

1  entitled to the relief requested in paragraph 10.

## SECOND CLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '638 PATENT

11. j2 hereby incorporates by reference paragraphs 1 through 10, in answer to paragraph 11.

12. j2 admits the allegations in paragraph 12.

13. j2 denies the allegations in paragraph 13.

14. j2 admits that OneSuite purports to seek a declaratory judgment that one or more claims of the '638 patent are invalid. j2 denies that OneSuite is entitled to the relief requested in paragraph 14.

## THIRD CLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '066 PATENT

15. j2 hereby incorporates by reference paragraphs 1 through 14, in answer to paragraph 15.

16. j2 admits the allegations in paragraph 16.

17. j2 admits the allegations in paragraph 17.

18. j2 denies the allegations in paragraph 18.

19. j2 admits that OneSuite purports to seek a declaratory judgment that it does not infringe one or more claims of the '066 patent. j2 denies that OneSuite is entitled to the relief requested in paragraph 19.

## FOURTH CLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '066 PATENT

20. j2 hereby incorporates by reference paragraphs 1 through 19, in answer to paragraph 20.

21. j2 admits the allegations in paragraph 21.

22. j2 denies the allegations in paragraph 22.

23. j2 admits that OneSuite purports to seek a declaratory judgment that one or more claims of the '066 patent are invalid. j2 denies that OneSuite is

entitled to the relief requested in paragraph 23.

### FIFTH CLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '688 PATENT

24. j2 hereby incorporates by reference paragraphs 1 through 23, in answer to paragraph 24.

25. j2 admits the allegations in paragraph 25.

26. j2 admits the allegations in paragraph 26.

27. j2 denies the allegations in paragraph 27.

28. j2 admits that OneSuite purports to seek a declaratory judgment that it does not infringe one or more claims of the '688 patent. j2 denies that OneSuite is entitled to the relief requested in paragraph 28.

### SIXTH CLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '688 PATENT

29. j2 hereby incorporates by reference paragraphs 1 through 28, in answer to paragraph 29.

30. j2 admits the allegations in paragraph 30.

31. j2 denies the allegations in paragraph 31.

32. j2 admits that OneSuite purports to seek a declaratory judgment that one or more claims of the '688 patent are invalid. j2 denies that OneSuite is entitled to the relief requested in paragraph 32.

### SEVENTH CLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '132 PATENT

33. j2 hereby incorporates by reference paragraphs 1 through 32, in answer to paragraph 33.

34. j2 admits the allegations in paragraph 34.

35. j2 admits the allegations in paragraph 35.

36. j2 denies the allegations in paragraph 36.

37. j2 admits that OneSuite purports to seek a declaratory judgment that it

does not infringe one or more claims of the '132 patent. j2 denies that OneSuite is entitled to the relief requested in paragraph 37.

## EIGHTH CLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '132 PATENT

38. j2 hereby incorporates by reference paragraphs 1 through 37, in answer to paragraph 38.

39. j2 admits the allegations in paragraph 39.

40. j2 denies the allegations in paragraph 40.

41. j2 admits that OneSuite purports to seek a declaratory judgment that one or more claims of the '132 patent are invalid. j2 denies that OneSuite is entitled to the relief requested in paragraph 41.

## NINTH CLAIM: ATTORNEYS' FEES AND COSTS

42. j2 hereby incorporates by reference paragraphs 1 through 41, in answer to paragraph 42.

43. j2 denies that OneSuite's case is exceptional under 35 U.S.C. § 285. j2 further denies that OneSuite is entitled to the relief requested in paragraph 43.

## AFFIRMATIVE DEFENSES

44. Without undertaking any burden of proof it does not have as a matter of law, j2 alleges the following affirmative defenses:

### First Affirmative Defense

45. The Counterclaims fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

46. The '638, '066, '688 and '132 patents are valid and enforceable.

### Third Affirmative Defense

47. The Counterclaims are barred, in whole or in part, by the doctrine of waiver, unclean hands, laches, or estoppel.

### Fourth Affirmative Defense

48. The Counterclaims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

49. j2 expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based upon legal theory, facts and circumstances which may or will be developed through discovery or further legal analysis of OneSuite's claims and j2's position in this litigation.

### **PRAYER FOR RELIEF**

WHEREFORE, j2 respectfully requests judgment on the Counterclaims as follows:

    A. Judgment on the Counterclaims in favor of j2;

    B. Dismissal of the Counterclaims with prejudice;

    C. A finding that this is an exceptional case under 35 U.S.C. § 285;

    D. An award, pursuant to 35 U.S.C. § 285, of j2's reasonable attorneys' fees;

    E. An award to j2 of its costs and expenses incurred herein; and

    F. Such other and further relief as this Court deems just and proper.

Dated: August 24, 2009

KENYON & KENYON LLP
Frank L. Bernstein

ABELSON | HERRON LLP
Michael Bruce Abelson
Heather L. Mayer

By: /S/ Heather L. Mayer
Heather L. Mayer
Attorneys for Plaintiff
j2 GLOBAL COMMUNICATIONS, INC.

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
## j2 GLOBAL COMMUNICATIONS, INC.
## v.
## ONESUITE CORPORATION

**District Court Case No. CV09-04014 DDP (AJWx)**

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 1550, Los Angeles, California, 90071-1559.

On August 24, 2009, I served the document below described as:

**PLAINTIFF/COUNTERCLAIM DEFENDANT J2 GLOBAL COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/ COUNTERCLAIMANT ONESUITE CORPORATION'S COUNTERCLAIMS**

The document was served by the following means:

**X BY ELECTRONIC TRANSMISSION VIA NEF** Pursuant to the Court's General Order 08-02, I electronically filed the foregoing document through the Court's CM/ECF system, which sent Notification of Electronic Filing to the persons at the e-mail addresses listed immediately below.

E-mail: fbernstein@kenyon.com
E-mail: molesek@kenyon.com

| | |
|---|---|
| Frank L. Bernstein, Esq. <br> Megan Whyman Olesek, Esq. <br> KENYON & KENYON LLP <br> 333 West San Carlos Street, Suite 600 <br> San Jose, California 95110 | Counsel for Plaintiff, <br> j2 GLOBAL COMMUNICATIONS, INC. |

E-mail: litigation@kmob.com
E-mail: 2dgm@kmob.com

| | |
|---|---|
| Douglas G. Muehlhauser, Esq. <br> KNOBBE, MARTENS, <br>    OLSON & BEAR, LLP <br> 2040 Main Street, 14th Floor <br> Irvine, California 92614 | Counsel for Defendant, <br> ONESUITE CORPORATION |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on August 24, 2009 at Los Angeles, California.

/S/ [ Heather L. Mayer ]

*Proof of Service cont.*

☒ **BY ELECTRONIC TRANSMISSION** I caused the document to be sent to the person at the e-mail address listed immediately below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

E-mail: dmuehlhauser@kmob.com

| | |
|---|---|
| Douglas G. Muehlhauser, Esq. | Counsel for Defendant, |
| KNOBBE, MARTENS, OLSON & BEAR, LLP | ONESUITE CORPORATION |
| 2040 Main Street, 14th Floor | |
| Irvine, California 92614 | |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on August 24, 2009 at Los Angeles, California.

*/s/ Rachel Capata*
Rachel Capata

Abelson | Herron LLP

- Proof of Service -